UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RAFAEL B. PINA,

       Petitioner,

v.                                                          Case No.: 2:25-cv-01058-SPC-DNF

SECRETARY, DEPARTMENT OF CORRECTIONS,

       Respondent,
_____/

## **OPINION AND ORDER**

Before the Court is Rafael Pina's Motion to Stay Habeas Corpus Proceedings and Leave to Amend and Supplement Petition for Writ of Habeas Corpus (Doc. 3). Pina is a prisoner of the Florida Department of Correction, and he seeks federal habeas relief on one ground of ineffective assistance of counsel. In his motion, Pina claims he constructively filed his habeas petition on the last day of the one-year limitations period. He asks the Court to stay this action and give him an opportunity to plead additional claims after he receives documents from his former counsel and the state attorney's office.

28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996, sets a one-year period of limitation on the filing of a habeas petition by a person in state custody. The AEDPA circumscribes district courts' discretion to stay habeas actions. *Rhines v. Weber*, 544 U.S. 269, 275 (2005). A court should only issue a stay if it is compatible with the

AEDPA's purposes. *See id.* One such purpose is to "reduce[] the potential for delay on the road to finality" of state court criminal judgments. *Id* at 276.

Pina asks the Court to stay this case indefinitely so he can investigate additional grounds for relief and assert them in an amended pleading. But the filing of a federal habeas petition does not toll the statute of limitations. *Rhines v. Weber*, 544 U.S. 269, 275 (2005). And an amended habeas petition "does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle v. Felix*, 545 U.S. 644, 650 (2005).

The Court reserves judgment on the timeliness of Pina's habeas petition and any ground he might assert in an amended petition.[1] The timeliness of any future claims will depend on the nature of those claims (and whether Pina is entitled to equitable tolling). However, at this point, Pina has not demonstrated that a stay will serve any purpose other than delay. The Court finds a stay would be contrary to the policy goals of the AEDPA.

---

[1] It is also unclear whether Pina satisfied the AEDPA's requirement to exhaust all means of relief available under state law before seeking federal habeas relief. *See Pope v. Sec'y for Dep't of Corr.*, 680 F.3d 1271, 1284 (11th Cir. 2012).

Accordingly, Pina's motion (Doc. 3) is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida on November 25, 2025.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1